(111 So. 46)

**WILLIAMS v. STATE.   (4 Div. 192.)**

(Court of Appeals of Alabama. Dec. 14, 1926. Application for Rehearing Dismissed Jan. 4, 1927.)

Criminal law ⚛⇒394—Affidavit for search warrant and search warrant are admissible in prosecution for possessing liquors.

In prosecution for possessing prohibited liquors, affidavit for search warrant and search warrant under which defendant's premises were searched are admissible.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Alma Williams was convicted of possessing prohibited liquors, and he appeals. Affirmed.

Wilkerson & Brunson, of Elba, for appellant.

The search warrant was not material or relevant evidence in the case, did not tend to show the guilt of the defendant, and should have been excluded from the jury. Patterson v. State, 8 Ala. App. 420, 62 So. 1023.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. Appellant was convicted of the offense of having prohibited liquors in his possession. There was abundant evidence to support the verdict returned. There was no prejudicial error in allowing the introduction in evidence of the search warrant, and the affidavit upon which same was issued, under the authority of which appellant's premises were searched. While under the decisions of our Supreme Court it was not necessary, still it surely cannot be said to be improper, to let the jury trying the case know whether or not the search was illegal.

We find nowhere any prejudicial error, and the judgment is affirmed.

Affirmed.